In re BANK ONE, N.A., Relator.

No. 06–0093.

Supreme Court of Texas.

Feb. 23, 2007.

Bradley Jay Johnson, Gregg D. Stevens, Aimee Linda Guidry, McGlinchey Stafford, PLLC, Dallas, TX, for relator.

Donald Wayne Shelton, David M. Jones, Bush & Motes, P.C., Arlington, TX, for real party in interest.

PER CURIAM.

In this original proceeding, relator Bank One, N.A. seeks to compel arbitration of claims filed by one of its customers, J&S Air, Inc. The trial court denied Bank One's motion to compel. Bank One petitioned the court of appeals for a writ of mandamus, which the court of appeals denied in a per curiam opinion. 215 S.W.3d 912. Because the trial court abused its discretion in denying the motion to compel, we grant the petition and, without hearing oral argument, conditionally grant mandamus relief. Tex.R.App. P. 52.8(c).

J&S Air sued Bank One when Bank One honored checks totaling over $33,000 that were allegedly forged by two J&S Air employees. After Bank One failed to answer the suit, J&S Air secured a default judgment. Bank One timely filed a motion to set aside the default judgment and obtain a new trial, which the trial court granted. Bank One then filed an answer, at which point further activity ceased on the suit until nearly eight months later. In August 2005, Bank One filed a motion to compel arbitration under the terms of its arbitration clause. The arbitration clause required arbitration for disputes "arising from or relating in any way to this Agreement or [the Customer's] Account." The trial court denied the motion. Bank One petitioned the court of appeals for mandamus relief, which the court of appeals denied.

■ When a trial court denies a motion to compel arbitration and the underlying contract is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, mandamus relief is appropriate. *In re Weekley Homes, L.P.,* 180 S.W.3d 127, 130 (Tex. 2005); *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 88 (Tex.1996). The parties in this case do not dispute the applicability of the FAA. Therefore, we examine whether a valid arbitration agreement exists, and whether the dispute falls within the scope of the agreement. *In re Weekley Homes,* 180 S.W.3d at 130–31; *In re AdvancePCS Health L.P.,* 172 S.W.3d 603, 605 (Tex. 2005).

■ The arbitration agreement in this case was incorporated by reference on the account signature card signed by J&S Air's representatives. Signature cards are valid contracts under Texas law. *Am. Airlines Employees Fed. Credit Union v. Martin,* 29 S.W.3d 86, 96 (Tex.2000). Documents incorporated by reference in the signature card are part of the contract. *See Owen v. Hendricks,* 433 S.W.2d 164, 166 (Tex.1968); *Teal Constr. Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc.,* 46 S.W.3d 417, 420 (Tex.App.-Austin 2001, pet. denied). The signature card here incorporated by reference the arbitration agreement, stating "[t]he Customer acknowledges receipt of the Bank's Account Rules and Regulations including all applicable inserts and agrees to be bound by the agreements and terms contained therein." We presume that "a party who signs a contract knows its contents." *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996); *see also In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 134 (Tex. 2004). Therefore, the arbitration agreement is valid.

■ Furthermore, the dispute before us is within the scope of the arbitration agreement. We resolve doubts as to scope in favor of finding coverage. *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 782–83 (Tex.2006). The agreement between Bank One and J&S Air covered disputes "arising from or relating in any way to this Agreement or [the Customer's] Account." The dispute between Bank One and J&S

Air arose from checks that were allegedly forged and cashed from J&S Air's accounts. Therefore, the dispute falls within the scope of the arbitration agreement.

■ Finally, J&S Air argues that Bank One waived its right to arbitration by invoking the judicial process to J&S Air's detriment. We disagree. "[T]here is a strong presumption against waiver," and where it exists, waiver must be intentional. *EZ Pawn*, 934 S.W.2d at 89 (applying the FAA). A party waives an arbitration clause when it substantially invokes the judicial process to the other party's detriment. *Id.*

■ Bank One's motion to set aside the default judgment and request a new trial did not substantially invoke the judicial process. This Court has repeatedly rejected waiver when parties participated much more extensively than Bank One in judicial proceedings. *See, e.g., In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006); *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998); *EZ Pawn*, 934 S.W.2d at 90. Bank One's actions do not counter the strong presumption against waiver.

We conclude that a valid arbitration agreement exists and that J&S Air's claims are within its scope. We further hold that Bank One did not waive its right to compel arbitration because it did not substantially invoke the judicial process. Accordingly, we conditionally grant the writ and direct the trial court to vacate its order denying Bank One's motion to compel arbitration and to enter a new order compelling arbitration. The writ will issue only *if the trial court fails to comply.*