Writ of Mandamus Conditionally Granted, Appeal Dismissed as Moot, and
Opinion filed February 5, 2009








Writ of
Mandamus Conditionally Granted, Appeal Dismissed as Moot, and Opinion filed
February 5, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00821-CV

 

ERNST & YOUNG LLP, Appellant

 

V.

 

J. DAVID MARTIN, MICHAEL
COVARRUBIAS, and CATHY GREENWOLD, Appellees

 



On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2004-14400



 

and

 

NO. 14-07-00896-CV

 

IN RE ERNST & YOUNG LLP, Relator

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS



 

 

O P I N I O N

 








This is a consolidated request for a
writ of mandamus and direct appeal by appellant Ernst & Young LLP (AE&Y@) arising out of the trial court=s denial of its motion to compel
arbitration of the claims filed against it by appellees J. David Martin,
Michael Covarrubias, and Cathy Greenwold.  We conclude the trial court abused
its discretion in denying E&Y=s motion to compel arbitration.  We
conditionally grant E&Y=s request for a writ of mandamus and dismiss its direct
appeal as moot.

                                                                   Background

In 1999, appellees, California
residents, hired E&Y in California to provide tax advice.  Appellees had
anticipated that the actions they took pursuant to this advice would provide
tax benefits and potential economic profit.  However, the IRS disallowed the
tax benefits claimed from implementing E&Y=s tax advice, costing appellees
millions of dollars in back taxes, penalties, and interest.  

Appellees sued E&Y, among other
parties, asserting claims for malpractice and various other common law
theories, including fraud and unjust enrichment.  E&Y filed a motion to
compel arbitration under the Federal Arbitration Act (AFAA@) and, in the alternative, under the
Texas Arbitration Act.  This request was based on language in appellees= engagement letters with E&Y
agreeing to submit all disputes that could not be solved by mediation to
arbitration.  Appellees opposed arbitration, arguing that their contract with
E&Y was unconscionable.  The trial court denied the motion without
explanation.

                                                                      Analysis

The parties all agree that the FAA
controls in this case.  Indeed, the arbitration clause provides that disputes
regarding the enforceability of any part of the arbitration agreement Ashall be governed by the Federal
Arbitration Act.@  Courts honor agreements to be bound by the FAA.  In re
Jim Walter Homes, Inc., 207 S.W.3d 888, 896 (Tex. App.CHouston [14th Dist. 2006, orig.
proceeding).








A party seeking to compel arbitration
must establish that a valid arbitration agreement exists and that the claims
asserted are within the scope of the agreement.  In re D. Wilson Constr. Co.,
196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding); In re Igloo Prods. Corp.,
238 S.W.3d 574, 577 (Tex. App.CHouston [14th Dist.] 2007, orig. proceeding [mand. denied]). 
If these showings are made, the burden shifts to the party opposing arbitration
to present a valid defense to the agreement.  In re Igloo Prods. Corp.,
238 S.W.3d at 577.  In the absence of a valid defense, the trial court has no
discretion to exercise and must compel arbitration.  In re D. Wilson Constr.
Co., 196 S.W.3d at 781; In re Igloo Prods. Corp., 238 S.W.3d at
577.  When a trial court improperly denies a motion to compel arbitration under
the FAA, mandamus relief is appropriate.  In re Bank One, N.A., 216
S.W.3d 825, 826 (Tex. 2007) (orig. proceeding).

Appellees argue that arbitration is
improper because the contract is unconscionable under California law, which
they contend controls.  They claim E&Y fraudulently induced them to enter
in to the agreement and that many terms of the agreement, such as limiting
their damages to the fees paid to E&Y, render the agreement
unconscionable.  E&Y argues that California law does not apply, that even
if it should, appellees have not properly invoked it, and that the agreement is
not unconscionable.  We need not decide any of these issues because, under the
terms of the contract, the arbitrator must make these decisions.

The parties disagree as to whether
appellees= unconscionability defense is the type of issue that should be decided by
the court or the arbitrator.  Compare Howsam v. Dean Witter Reynolds,
Inc., 537 U.S. 79, 83 (2002) (noting that arbitrability is generally a
question for the court), with Buckeye Check Cashing, Inc. v. Cardegna,
546 U.S. 440, 446 (2006) (stating that issue of a contract=s validity is to be decided by
arbitrator unless challenge is to arbitration clause itself rather than
contract as a whole).  Regardless of which analysis would otherwise apply, neither
is relevant because the parties= agreement controls.  The FAA allows the parties to determine
which issues are arbitrable.  See Hall Street Assocs., L.L.C. v. Mattel,
Inc., 128 S. Ct. 1396, 1404 (2008).  The rule that courts usually decide
issues of arbitrability is a default rule that applies unless the contract
provides otherwise.  See Howsam, 537 U.S. at 83.  Parties to a contract
can agree to submit any issue to arbitration, including questions of
arbitrability.  See First Options of Chicago, Inc. v. Kaplan, 514 U.S.
938, 943 (1995); see also Forest Oil Corp. v. McAllen, 268 S.W.3d 51, 61
n.38 (Tex. 2008) (noting general rule that parties can contract as they see
fit).

The agreement here states:








Any issue concerning the extent to which any dispute
is subject to arbitration, or concerning the applicability, interpretation, or
enforceability of these procedures, including any contention that all or part
of these procedures are invalid or unenforceable, shall be governed by the
[FAA] and resolved by the arbitrators.

 

As they acknowledged during oral
argument, appellees make no argument that this specific provisionCthat is, the agreement to have the
arbitrator decide all arbitrability issues and resolve any contention that any
arbitration procedure is unenforceableCis itself invalid.  Absent such an
argument, an arbitration clause that reallocates traditional court functions to
the arbitrator is enforceable and cannot serve as a basis for denying a motion
to compel arbitration.  See Forest Oil Corp., 268 S.W.3d at 61 (finding
trial court had no discretion but to enforce contract provision Ashrinking the court=s traditional role and expanding the
arbitrators=@ when nonmovant did not challenge that provision on any legal
or public policy grounds); Anderson v. Pitney Bowes, Inc., No. C 04-4808
SBA, 2005 WL 1048700, at *2 & n.4 (N.D. Cal. May 4, 2005) (granting motion
to compel arbitration, despite allegation that arbitration was unconscionable,
because contract stated arbitrator was to decide arbitrability issues and there
was no allegation that the provision giving arbitrator this power was
unconscionable); Carbajal v. Household Bank, FSB, No. 00 C 0626, 2003 WL
22159473, at *8 (N.D. Ill. Sept. 18, 2003) (same), aff=d sub nom. Carbajal v. H&R Block
Tax. Servs., 372
F.3d 903 (7th Cir. 2004).








For the first time in post-submission
briefing, appellees point to California case law purporting to hold that even
when the arbitration agreement states that the arbitrator is to decide
arbitrability issues, an allegation of unconscionability effectively shifts
that determination to the court.  However, unlike here, those cases involved a
challenge to the agreement to arbitrate itself.  See Bruni v. Didion, 73
Cal. Rptr. 3d 395, 400, 408 (Cal. Ct. App. 2008); Murphy v. Check >N Go, 67 Cal. Rptr. 3d 120, 124B25 (Cal. Ct. App. 2007); cf.
Anderson, 2005 WL 1048700, at *2 & n.4.  Appellees have never argued
that they did not knowingly agree to arbitration or that the specific agreement
to allow the arbitrator to decide the issues of arbitrability and
enforceability of the contract is unconscionable or otherwise invalid.

The parties= arbitration clause clearly states
that arguments such as those made by appellees are to be decided by the
arbitrator.  Based on this unchallenged provision, the trial court had no
discretion to deny E&Y=s motion for arbitration.  Therefore, we conditionally grant
the writ of mandamus and direct the trial court to (1) vacate its order denying
E&Y=s motion to compel arbitration and
(2) grant E&Y=s motion to compel arbitration.  The writ will issue only if
the trial court fails to comply.  Insofar as we have granted full relief
pursuant to E&Y=s request for a writ of mandamus, we dismiss E&Y=s direct appeal as moot.  See In
re D. Wilson Constr. Co., 196 S.W.3d at 784 (granting mandamus relief for
improperly denying arbitration and dismissing related direct appeal as moot).

 

 

/s/        Leslie B. Yates

Justice

 

 

Panel
consists of Justices Yates, Seymore, and Boyce.