NO. 07-10-0446-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 

APRIL 15, 2011

_____________________________

 

M
& B ASSOCIATES, INC. and WILLIAM LOHMAN,  

 

                                                                                         Appellants


v.

 

WELLS FARGO
BANK, N.A.,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 

NO. B37339-1007; HONORABLE EDWARD LEE SELF, PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

Before QUINN, C.J., and CAMPBELL  and PIRTLE,
JJ.

            Summary judgment was granted in
favor of Wells Fargo Bank, N.A. (Wells Fargo) on its suit to recover on a
promissory note executed by M & B Associates, Inc. and guaranteed by
William Lohman (collectively referred to as M & B).  The sole basis upon which M & B opposed
the motion for summary judgment and the only issue raised on appeal involves
arbitration.  That is, the promissory
note and the guaranty contained arbitration clauses which clauses prevented the
trial court from rendering a summary judgment.  
We disagree and affirm the judgment. 

            In response to the original petition
of Wells Fargo, M & B filed a general denial.  Nothing was said of arbitration in the
pleading.  Nor did anyone move the trial
court to stay the proceedings or compel the parties to submit to
arbitration.  Two months later, Wells
Fargo moved for summary judgment upon the note and guaranty.  M & B filed a response mentioning the
arbitration provisions and accompanied it with an affidavit allegedly
documenting the fact that arbitration had been demanded pursuant to the
agreements.  The response concluded with
a prayer requesting “that this Court . . . deny Plaintiff’s Motion for Final
Summary Judgment, or order such other relief as may be appropriate.”  But, again, neither defendant moved the court
to either stay litigation or compel arbitration.   

            Next, the arbitration clauses read
as follows: “Lender and each party to this agreement hereby agree, upon demand
by any party, to submit any Dispute to binding arbitration in accordance with
the terms of this Arbitration Program.” 
So too did the document define the term “Dispute.”  The latter consisted of “any dispute, claim
or controversy of any kind, whether in contract or tort, legal or equitable, .
. .  relating in any way to this
Agreement or any related agreement incorporating this Arbitration Program . . .
or any past, present, or future loans, transactions, contracts . . . of any
kind . . . .”  

            To compel arbitration, a party must
apply to the court for it.  See 9 U.S.C.A. §3 (2009) (giving a court
the right, upon application of a party, to stay the trial of the action until
arbitration has been had in accordance with the agreement).[1]   Moreover, a party seeking to enforce an
arbitration agreement must establish the existence of a valid arbitration
agreement and that a dispute falls within the scope of it.  In re Bank One, N.A., 216 S.W.3d 825, 826 (Tex. 2007)
(orig. proceeding); Haddock v. Quinn, 287 S.W.3d 158, 169 (Tex. App.–Fort
Worth 2009, pet. denied).  As already
noted, the record contains neither a motion to stay litigation nor to compel
arbitration.  This is of import because a
party having a right to arbitration need not invoke it.  Instead, this alternative means of resolving
a dispute may be waived.  See
In re Fleetwood Homes of Tex., L.P., 257 S.W.3d 692, 694 (Tex. 2008) (orig. proceeding)
(discussing waiver of arbitration). Therefore, the mere presence of an
arbitration clause in an agreement subject to litigation does not ipso
facto require the trial
court to sua sponte send the controversy to arbitration.  This is especially so when, as here, the
clause itself requires someone to demand arbitration.  See Penhollow Custom
Homes, LLC v. Kim, 320
S.W.3d 366, 377 (Tex. App.–El Paso 2010, no pet.) (finding the failure to order
the parties to arbitration waived even though a motion to compel arbitration
was filed when no ruling on it appeared in the record).      

            It is true that the record contains
an affidavit executed by M & B’s attorney indicating that arbitration had
been requested.  Yet, the sum and
substance of the information provided consisted of the statement that the
affiant “demanded arbitration of the Dispute regarding the Promissory Note and
Commercial Guaranty as per the arbitration clause of the Promissory Note and
Commercial Guaranty sued upon in the Lawsuit.” 
Nothing was said about when the demand was made, by what means it was
made, the specific person or entity to whom it was made, and whether demand was
refused.  Omitting such information is
fatal for an affidavit must set forth facts which would be admissable in
evidence.  Tex. R. Civ. P. 166a(f).  Conclusory statements, that is, those that do
not provide the underlying facts to support it, Winchek v. Am. Exp.
Travel Related Servs. Co., 232 S.W.3d 197, 206 (Tex. App.–Houston [1st Dist.] 2007, no
pet.), are insufficient to defeat summary judgment.  Ryland Group, Inc. v.
Hood, 924 S.W.2d 120,
122 (Tex. 1996); see Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)
(finding an affidavit should be struck when it merely stated that an agreement
had been modified but did not state the time, place, and exact nature of the
modification).      

            Nor did the affiant disclose the
particular “Dispute,” if any, sought to be arbitrated.  Whether it was of the ilk contemplated by the
definition of “Dispute” is unknown.  And,
unless it is, arbitration is unavailable. 
See In re Bank One, N.A., 216 S.W.3d
at 826
(requiring a party
seeking to enforce an arbitration agreement to establish the existence of a
valid arbitration agreement and that a dispute falls within the
scope of it). It may
well be that we could easily guess at the dispute’s nature, but the rules underlying  summary judgment practice do not afford that
freedom.  It was incumbent upon M & B
to provide facts (as opposed to conclusory allegations) describing the
particular dispute, and it did not.  So,
we are unable to say that arbitration was an appropriate avenue of relief at
bar, which determination would be a condition precedent to reversing the
judgment.  

            In short, M & B failed to carry its
appellate burden of establishing that the trial court erred in concluding that
Wells Fargo was entitled to summary judgment as a matter of law.  So, we affirm the judgment. 

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice

            

            











[1]It is undisputed that the
Federal Arbitration Act controls.








ellate Procedure
and the directives of this Court raises a substantial question as to counsel's
honesty, trustworthiness, or fitness as a lawyer.  See
Tex. Code Jud. Conduct, Canon 3(D)(1), reprinted in Tex. Gov't Code Ann., tit.
2, subtit. G, app. B (West 2005). 

 

Should it be determined that Appellant does want to prosecute this appeal
and the trial court determines he is entitled to new appointed counsel, the
trial court shall immediately provide to the Clerk of this Court the name,
address, telephone number, and state bar number of the newly-appointed
counsel.  The trial court shall execute
findings of fact and conclusions of law, and shall cause its findings,
conclusions, and any necessary orders to be included in a supplemental clerk's
record to be filed with the Clerk of this Court by July 8, 2011.  Finally, newly appointed counsel shall file
Appellant's brief within thirty days after the date of appointment. 

It is so ordered.

 

Per Curiam

Do not publish.

 

 

 

 











[1]Tex.
Penal Code Ann. §§ 22.02(a)(2) and 22.02(b)(2)(B)
(West  Supp. 2010).





[2]See Curry v. Clayton, 715 S.W.2d 77, 79
(Tex.App.--Dallas 1986, no writ) (generally, the normal press of business is
not considered good cause).