NO. 07-10-0446-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2011
_____

M & B ASSOCIATES, INC. and WILLIAM LOHMAN,

Appellants

v.

WELLS FARGO BANK, N.A.,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B37339-1007; HONORABLE EDWARD LEE SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL  and PIRTLE, JJ.

Summary judgment was granted in favor of Wells Fargo Bank, N.A. (Wells Fargo) on its suit to recover on a promissory note executed by M & B Associates, Inc. and guaranteed by William Lohman (collectively referred to as M & B).  The sole basis upon which M & B opposed the motion for summary judgment and the only issue raised on appeal involves arbitration.  That is, the promissory note and the guaranty contained arbitration clauses which clauses prevented the trial court from rendering a summary judgment.   We disagree and affirm the judgment.

In response to the original petition of Wells Fargo, M & B filed a general denial. Nothing was said of arbitration in the pleading. Nor did anyone move the trial court to stay the proceedings or compel the parties to submit to arbitration. Two months later, Wells Fargo moved for summary judgment upon the note and guaranty. M & B filed a response mentioning the arbitration provisions and accompanied it with an affidavit allegedly documenting the fact that arbitration had been demanded pursuant to the agreements. The response concluded with a prayer requesting "that this Court . . . deny Plaintiff's Motion for Final Summary Judgment, or order such other relief as may be appropriate." But, again, neither defendant moved the court to either stay litigation or compel arbitration.

Next, the arbitration clauses read as follows: "Lender and each party to this agreement hereby agree, upon demand by any party, to submit any Dispute to binding arbitration in accordance with the terms of this Arbitration Program." So too did the document define the term "Dispute." The latter consisted of "any dispute, claim or controversy of any kind, whether in contract or tort, legal or equitable, . . . relating in any way to this Agreement or any related agreement incorporating this Arbitration Program . . . or any past, present, or future loans, transactions, contracts . . . of any kind . . . ."

To compel arbitration, a party must apply to the court for it. *See* 9 U.S.C.A. §3 (2009) (giving a court the right, upon application of a party, to stay the trial of the action until arbitration has been had in accordance with the agreement).[1] Moreover, a party seeking to enforce an arbitration agreement must establish the existence of a valid arbitration agreement and that a dispute falls within the scope of it. *In re Bank One,*

---

[1] It is undisputed that the Federal Arbitration Act controls.

*N.A.,* 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding); *Haddock v. Quinn,* 287 S.W.3d 158, 169 (Tex. App.–Fort Worth 2009, pet. denied). As already noted, the record contains neither a motion to stay litigation nor to compel arbitration. This is of import because a party having a right to arbitration need not invoke it. Instead, this alternative means of resolving a dispute may be waived. *See In re Fleetwood Homes of Tex., L.P.,* 257 S.W.3d 692, 694 (Tex. 2008) (orig. proceeding) (discussing waiver of arbitration). Therefore, the mere presence of an arbitration clause in an agreement subject to litigation does not *ipso facto* require the trial court to *sua sponte* send the controversy to arbitration. This is especially so when, as here, the clause itself requires someone to demand arbitration. *See Penhollow Custom Homes, LLC v. Kim,* 320 S.W.3d 366, 377 (Tex. App.–El Paso 2010, no pet.) (finding the failure to order the parties to arbitration waived even though a motion to compel arbitration was filed when no ruling on it appeared in the record).

It is true that the record contains an affidavit executed by M & B's attorney indicating that arbitration had been requested. Yet, the sum and substance of the information provided consisted of the statement that the affiant "demanded arbitration of the Dispute regarding the Promissory Note and Commercial Guaranty as per the arbitration clause of the Promissory Note and Commercial Guaranty sued upon in the Lawsuit." Nothing was said about when the demand was made, by what means it was made, the specific person or entity to whom it was made, and whether demand was refused. Omitting such information is fatal for an affidavit must set forth *facts* which would be admissable in evidence. Tex. R. Civ. P. 166a(f). Conclusory statements, that is, those that do not provide the underlying facts to support it, *Winchek v. Am. Exp.*

3

*Travel Related Servs. Co.,* 232 S.W.3d 197, 206 (Tex. App.–Houston [1st Dist.] 2007, no pet.), are insufficient to defeat summary judgment. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996); *see Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex. 1984) (finding an affidavit should be struck when it merely stated that an agreement had been modified but did not state the time, place, and exact nature of the modification).

Nor did the affiant disclose the particular "Dispute," if any, sought to be arbitrated. Whether it was of the ilk contemplated by the definition of "Dispute" is unknown. And, unless it is, arbitration is unavailable. *See In re Bank One, N.A.,* 216 S.W.3d at 826 (requiring a party seeking to enforce an arbitration agreement to establish the existence of a valid arbitration agreement *and that a dispute falls within the scope of it*). It may well be that we could easily guess at the dispute's nature, but the rules underlying summary judgment practice do not afford that freedom. It was incumbent upon M & B to provide facts (as opposed to conclusory allegations) describing the particular dispute, and it did not. So, we are unable to say that arbitration was an appropriate avenue of relief at bar, which determination would be a condition precedent to reversing the judgment.

In short, M & B failed to carry its appellate burden of establishing that the trial court erred in concluding that Wells Fargo was entitled to summary judgment as a matter of law. So, we affirm the judgment.


Brian Quinn
Chief Justice


4