02-10-161-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00161-CV

 

 


 
 
 Richmont Holdings, Inc., Nukote Holding, Inc.,
 Nukote International, Inc., Inkbrary, LLC, Superior Acquisitions LLC, John P.
 Rochon, Sr., John P. Rochon, Jr., Kelly Kittrell, Russell Mack, C & R
 Services, Inc., and Kenneth R. Schlag
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Superior Recharge Systems, L.L.C. and Jon Blake
 
 
  
 
 
 APPELLEES 
 
 


 

------------

 

FROM THE 211th
District Court OF Denton COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Appellants
Richmont Holdings, Inc.; Nukote Holding, Inc.; Nukote International, Inc.;
Inkbrary, LLC; Superior Acquisitions LLC; John P. Rochon, Sr.; John P. Rochon,
Jr.; Kelly Kittrell; Russell Mack; C & R Services, Inc.; and Kenneth R.
Schlag appeal from the trial court’s denial of their motion to compel
arbitration in the suit brought against them by Appellees Superior Recharge
Systems, L.L.C. and Jon Blake.  In one issue, Appellants argue that Appellees
failed to carry their burden of proving that Appellants waived their right to
arbitration.  Because we hold that the trial court did not abuse its discretion
by denying Appellants’ motion to compel arbitration, we affirm the trial
court’s order.

The
Judicial Proceedings Below

Appellees’
Lawsuit and Appellants’ Motion to Transfer

In
2007, Blake entered into an employment agreement with Superior Acquisitions, in
connection with Superior Acquisitions’ purchase of C & R and Superior
Recharge.  Blake lived in Denton County and received his salary by direct
deposit in Denton County.  Superior Recharge manufactured ink cartridges in
Dallas County, although the principal place of business was in Denton County.  The
employment agreement was to be performed in Denton County and contained a
non-compete agreement.

The
employment agreement provided that Blake would be employed by the company he
had sold for a period of two years, and would become an “at-will” employee upon
expiration of the two years.  Blake would be employed initially in the capacity
of General Manager, or in such other positions to which the company might
assign him.  The employment agreement also provided for compensation and annual
raises based on “no less than the Cost of Living increases for that period as
shown in the Consumer Price Index, or possibly a greater percentage increase,
dependent on Company performance and the discretion of Company management.” 
Compensation also included annual bonuses equal to ten percent of the company’s
annual earnings before interest, taxes, depreciation and amortization generated
by the acquired operations and customers of Superior Recharge.

The
company agreed, in the employment agreement, to provide Blake with
“confidential information” regarding pricing methods, “[c]ustomer identities,
contracts, lists, relationships and preferences,” research and development,
profits, sales, business strategies, and plans for future development. 
Essentially, the company agreed to provide Blake with all information regarding
the affairs and business of the company’s customers and clients that Blake “has
access to as a result of his employment with” the company.  The employment agreement
stated that “venue for any dispute related to this [e]mployment [a]greement
shall be exclusively in state or federal court in Dallas County, Texas.”

Six
months after entering into the agreements, Blake was fired and bound by the
non-compete provisions of the employment agreement.

In
June 2008, Superior Recharge and Blake filed suit in Denton County against
Richmont Holdings; Nukote Holding; Nukote International; Inkbrary; Superior
Acquisitions; Rochon, Sr.; Rochon, Jr.; Kittrell; and Mack (all the appellants
in this case except C & R and Schlag).  Appellees sought a declaratory judgment
that a covenant not to compete—signed by Blake in the employment agreement—was
unenforceable.

At
the October 2, 2008 hearing on change of venue in Denton County, Appellants
argued that Denton County was not a convenient forum because their office was
in Dallas County.  They assured the trial court that they needed time “to do
some discovery to figure out how they’re contending that there is some basis
for venue here in Denton County.”  Appellees offered to replead and asked for
ten days.  Appellants wanted to “bifurcate” their discovery, and argued that if
the trial judge intended them to be “restricted to doing the depositions once,
if you will, as opposed to bifurcating it, we need to send out some interrogatories,
requests for production, and depose his client.  So, you know, we’re probably
going to need at least 45 days. . . . Sixty [days from the time Plaintiffs
replead] would be better.”  The trial court assured Appellants he was “not even
going to put a date on it.”  Appellant responded, “Okay.  Fair enough.”

Appellants
filed a motion to transfer venue to Collin County.  Appellants subsequently
filed an amended motion to transfer venue, stating that Appellees’ cause of
action was premised upon Blake’s employment agreement, and that, in accordance
with the agreement’s mandatory venue provision, Dallas County was the proper
county for suit.  The amended motion argued alternatively that Collin County
was the proper county.

On
October 20, 2008, Superior Acquisitions sued Blake in Dallas County for breach
of contract, breach of fiduciary duty, and civil theft, based on “Blake’s
failure to perform his duties under the terms of his employment contract, and
his misappropriation of company funds.”  The Dallas County trial court abated
this case until the venue issue in Appellees’ Denton County suit had been
decided.

On June 18, 2009, Appellees filed an amended
petition for declaratory judgment, injunction, and damages in challenging the
terms of the employment agreement, reurging their previous complaints and
adding additional complaints and details regarding fraud in the inducement to
sign the asset purchase agreement as grounds for challenging the validity of
the non-compete terms of the employment agreement.  They filed their second amended
petition for declaratory judgment, injunction, and damages on August 7, 2009,
pleading with greater specificity, but requesting the same relief.

Appellees
added C & R and Schlag as defendants in their second amended petition.  C
& R and Schlag then filed their own motion to transfer venue to Dallas, or,
alternatively, to Collin County.  No order on the motions to transfer venue
appear in the appellate record.  No one raised the question of arbitration.

Appellants’
Motion for Continuance

Appellants
refused to provide requested discovery, and, despite their October 2008
representations to the trial court, conducted no discovery.  Appellees filed a
motion to compel discovery and for discovery sanctions, and the hearing on the
matter was set for December 21, 2009.  Appellants filed a motion for
continuance on December 18, 2009.  Appellants’ attorney stated that he had
suffered a medical emergency, had been ordered not to walk or put pressure on
his foot, and was under the influence of “strong medication,” and, accordingly,
he asked the court for a continuance.

No
order on the motion appears in the record, but the trial court apparently held
the hearing as scheduled; on January 6, 2010, the trial court signed an order
noting that the court had conducted the hearing on December 21, 2009, and
ordering Appellants to respond without objection to each of Appellees’
discovery requests and to deliver any documents sought by Appellees in
discovery to Appellees’ counsel by March 21, 2010.  The trial court also
ordered Appellants to pay $5,550.50 in sanctions to Appellees’ counsel by that
date.  As of May 7, 2010, Appellants had not complied with the court’s order to
pay the $5,550.50.  The order compelling discovery also provided that Appellants’
pleadings would be struck if they did not comply with the order.

In
January 2010, Appellees filed a motion to consolidate their suit with one that
had been filed by a different plaintiff in Denton County against Richmont
Holdings; Inkbrary; Rochon, Sr.; Rochon, Jr.; Kittrell; Schlag, and others not
involved in Appellees’ suit.  The motion asserted that Richmont Holdings was
the parent company of all the entities involved in both suits and that both
actions evolved out of Richmont Holdings’ actions “to perpetuate a scheme to
monopolize the market for remanufacture and sale of . . . printer cartilages
[sic].”  The motion also states,

5.    Defendants in
the Blake action have stonewalled Plaintiffs in getting discovery which would
adequately establish venue and facts giving into the latter of conduct which
establishes liability and in information and belief that the facts which
support the attempt to monopolize in the first case would also support the
attempt to monopolize in the second case.

6.    Plaintiffs’
attorney, Stephen D. Colbert, has received permission from all Defendants to
consolidate these actions and the consolidation will result in judicial economy
and convenience.

The
“first case” referred to in the motion is the underlying employment and
non-compete suit in this case, and the “second case” is the suit with which Appellees
wished to consolidate their action.

Appellants’
Motion to Compel Arbitration and Motion to Stay Discovery

On
January 27, 2010, two days after Appellees filed their motion to consolidate,
Appellants, for the first time, filed a motion to compel arbitration in
Appellees’ case.  They alleged that Appellees’ suit arose out of the asset
purchase agreement, which contained an arbitration clause.  Appellants asked
the trial court to compel arbitration in accordance with the asset purchase
agreement and either dismiss the suit or stay the proceedings.

As
the March 21, 2010 deadline to comply approached, the trial court had not yet
ruled on Appellants’ motion to compel arbitration.  On March 15, 2010,
Appellants filed a motion asking the trial court to stay discovery on the
merits until after the court had ruled on their motion for arbitration. 
Appellants also filed an original proceeding in this court.  On March 19, 2010,
this court stayed until further notice the trial court’s January 6, 2010 order
compelling discovery and stayed all other proceedings in the trial court in the
same cause until further notice except for any proceedings relating to the
hearing of or ruling upon Appellants’ motion to compel arbitration.

On
the same date, Appellees filed in the trial court a response to the motion to
compel arbitration.  They noted that Appellants had invoked the judicial
process by filing suit in Dallas County on claims that involved the same
transaction as the one which they based their claims against Appellants.  They
also asserted the following facts, which they alleged showed that Appellants
had waived arbitration:

·       
Appellants
had not produced any documents in response to Appellees’ requests for
production;

 

·       
A
hearing on the motion for sanctions had originally been set for September 2009
but was rescheduled for a date in October;

 

·       
A
meeting was scheduled between counsel for the parties to review discovery
requests, and to which Appellants’ counsel was supposed to bring production
documents, but this meeting was rescheduled at Appellants’ counsel’s request
due to illness;

 

·       
Appellants’
counsel also asked to reschedule the hearing on the motion for sanctions (also
due to illness), and the hearing was rescheduled for November 13, 2009;

 

·       
Counsel
for the parties met on November 9, 2009, and Appellants’ counsel agreed to
withdraw most of his objections to Appellees’ discovery requests and to execute
a Rule 11 agreement to submit discovery, and, in return, Appellees’ counsel
agreed to cancel the November 13, 2009 hearing on the motion for sanctions;

 

·       
Appellants’
counsel did not sign the Rule 11 agreement, and, accordingly, Appellees reset
the motion for sanctions hearing for December 21, 2009; and

 

·       
Appellants’
counsel filed a motion for continuance on December 18, 2009 due to illness, but
the trial court held the hearing and entered the order compelling discovery and
granting sanctions against Appellants.

Appellants
filed a reply stating, among other things, that the Dallas County suit “dealt
with employment issues, such as civil theft, which is not a part of this
lawsuit,” and that the suit did not involve all of the same parties.  They also
asserted that they had not conducted discovery and therefore had not gained any
information in the discovery process that they would not have been otherwise
entitled to in arbitration and that Appellees would not be prejudiced by
arbitration.

The
trial court held a hearing on the motion to compel arbitration, and, on May 18,
2010, signed an order denying the motion to compel arbitration.[2] 
Appellants argued, in part, that they were entitled to arbitration because, by
seeking no discovery and by ignoring repeated requests for discovery from
Appellees, and by ignoring the trial court’s order to compel discovery, they
had done “nothing to gain an unfair advantage.”

The
trial court responded to this assertion by asking, “What motion to compel was
heard in December of last year?”  Appellants responded,

[COUNSEL FOR APPELLANTS]:  I believe
that would be been [sic] Plaintiff’s motion to compel the discovery they sent
us, but we haven’t sent them any discovery.

THE COURT:  So you didn’t comply with
the rules, and you think that allows you to go to arbitration?

[COUNSEL FOR APPELLANTS]:  One of the—one
of the reasons public policy so favors arbitration, Your Honor, is because it
is—it is—it is not as broad scope of discovery.  And this—

THE COURT:  And you get those
discovery and you say—your client gets that discovery and you say, wow, we want
to not have that broad scope of discovery.  We’d rather go to arbitration.  So
you file a motion to arbitrate right then, and that prevents them from being
prejudiced any further than they’ve already been prejudiced by coming up here,
getting a motion to sanction where you—where your side didn’t even show up.

Appellants
complained to the judge that Appellees were trying to expand their case, and
that Appellants waited to file their motion to compel arbitration until after
Appellees filed their motion to consolidate.  The trial court was not satisfied
with Appellants’ explanation for their dilatory tactics.  Specifically, the
trial judge stated,

Okay.  And here is the way I see it, and you tell me why
this isn’t right:  Back in October of 2008, y’all came to court and asked the
Court for a ruling, and the ruling was that I’m going to reset the discovery,
allow the—allow the Defendant to do some discovery and the Plaintiff to replead. 
Then nothing was done.

Appellants
agreed.  Then the judge and Appellants agreed that Appellees had sought
discovery, Appellants had objected to providing the discovery and refused to
provide it, and Appellees had requested and been granted an order to compel.

Right.  And they got a motion to compel with the
sanctions.  You file a motion—you
file a case in Dallas to encourage venue to be transferred to another district
court in Dallas.  And then about a month later after things haven’t been going
well for you in the courts, the Dallas court stayed it, their case that you
filed down there.  I ruled against you on the motion to compel, and you hadn’t
done a bit of discovery that you asked the Court to give you time to do back in
October of 2008.  After everything was going bad for you in two different
courts, then you file a motion to compel arbitration.

And that’s the way I see it.  And after
you’ve ragged them around down to Dallas, back up here, motion for continuance
so you can do discovery, you don’t do any discovery.  They have compiled
discovery.  You don’t do the discovery.  You object to it.  They file a motion
to compel.  You don’t show up for that, and you have ragged them around in two
different counties.  During all of that—you filed a motion to stay with the Court of
Appeals, made them respond to that, and then you want to come and say they
haven’t been inconvenienced or there’s nothing that’s going to—this doesn’t hurt
them a bit to—now that things have
gone sour on us in the courts, to compel discovery.

That’s the way I see it.  And why
isn’t that right?

Appellants
denied they had substantially invoked the judicial process.  The judge
responded,

You’ve invoked the process.  You just haven’t followed
through with anything you were supposed to do . . . like do discovery that you
said you wanted to do back on October 2nd of 2008.

Appellants
suggested that they ignored the discovery orders to preserve their right to
arbitration, although they never mentioned arbitration to the court.  They
simply ignored the trial court’s orders.

The
trial court pointed out that Appellants themselves had moved for discovery and
asked the trial court for a continuance to gain time for discovery.  The court
summarized the time line:

Well, in any event, the jurisdiction of this Court was
invoked on October 2nd of 2008 by coming here to court and asking this Court
for a continuance of the change of venue, October 2nd, 2008, and the motion to
compel discovery was filed in, when, January?

[COUNSEL FOR APPELLEES]:  In July of
’09.

THE COURT:  The motion to compel
arbitration was?

[COUNSEL FOR APPELLEES]:  Oh, no. 
That was filed January 27th . . . [o]f 2010.

THE COURT:  2010.  So well over a year
later after all of this other activity has occurred in the case is the first
time you mention arbitration.

Appellants
did not deny their delaying tactics, but, rather, informed the trial court
that, essentially, wasting the time of the trial court and of opposing counsel
was an appropriate tactic to avoid providing discovery and to delay the
plaintiffs’ case, all without waiving arbitration.  The trial court was not
impressed.

I mean, the case is filed.  Nobody does anything on it
for two years, five years.  It goes up on the dismissal docket, and they say,
okay, well, we wanted it reinstated, and they say, okay, we want to compel
arbitration.  Perfect example.

. . . .

But all—in
this case, you have all of that rolled into one.  You have—you have filed a case
yourself . . . in Dallas.  Did you file for arbitration in Dallas? 

[COUNSEL FOR APPELLANTS]:  Well, that
case has been stayed.

THE COURT:  Did you file for
arbitration when you filed that case, file it and say we want this sent to
arbitration?

[COUNSEL FOR APPELLANTS]:  No.  My
clients were under no duty to do so.  The Texas Rules of Civil Procedure
specifically allow for arbitration to be enforced by filing a lawsuit. . . .

THE COURT:  Well, I understand.  But
you can do that simultaneous.  In your petition, you can say, I want to file
this lawsuit and automatically—and
get it referred to arbitration.  Now, I realize you are under no—that’s not the only
way you get to arbitration.  But in this case, this Court had already—you had already come
up to this Court, wanted the venue changed, and you went down there.  You know,
if you wanted to go to arbitration, instead of filing another lawsuit about the
same subject matter in Dallas, just file for arbitration. . . . Instead of
making them go to Dallas and defend two suits, get that stayed, go to the Court
of Appeals, you know, and all of that, all you had to do was file a motion to
arbitrate October 2nd of 2008.

. . . .

Instead of saying I want to wait and get some discovery
and—and incur some costs
and delays in order to pursue a judicial remedy, you just say I want to
arbitrate.  Right?

Appellants’
position before the trial court and this court appears to be that  they could
waste as much of the trial court’s time and resources as they wanted, so long
as instead of complying with court–ordered discovery or providing or receiving
any discovery, they ignored the court’s orders and misrepresented to the court
that they need to delay matters because they want discovery so long as they
conduct no discovery.  Counsel mentioned Perry Homes in arguing that
Appellants could have completed all trial preparation short of trial or denial
of Appellants’ motion for summary judgment without waiving arbitration.  The
trial court responded,

I understand.  And why is that?  Because you didn’t do
the discovery that you said you wanted to do back on October 2nd of 2008 when
you got this Court to give you a break and let it postpone it to do discovery. 
You did not answer the discovery that was propounded by the other side, and I
don’t—and if you want arbitration, you don’t have to answer the discovery. 
Just file for a motion to arbitrate.  But you didn’t do that.  Instead you did
nothing and required them to come forward and get a motion to compel.  And only
after a motion to compel and sanctions is held against you, then you want to—and
you were—got an adverse ruling basically from the court in Dallas did you then
want to compel arbitration.

Appellants
then brought this appeal.  To date, there has been no ruling on Appellees’
Motion to Consolidate.

Standard
of Review

We
review a trial court’s denial of a motion to compel arbitration under an abuse
of discretion standard.  Under this standard, we defer to the trial court’s
factual determinations if they are supported by evidence, but we review the
trial court’s legal determinations de novo.[3]  Whether an agreement requires
arbitration is a question of law.[4]  A party seeking to
compel arbitration must establish the existence of a valid arbitration
agreement and show that the claims in dispute fall within the scope of that
agreement.[5]  Whether a party has
waived arbitration by litigation conduct is also a question of law.[6]

Whether Agreement Mandates Arbitration

Although
Appellants argue that they did not waive arbitration and consequently that the
trial court erred in denying their motion, waiver is not an issue unless the
person demanding arbitration has first proved that the agreement that is the
basis of the lawsuit requires arbitration.  Both Appellants and Appellees took
the position that the employment agreement was the basis of the lawsuit.  That suit
on the employment agreement did not involve arbitration, but, rather, established
venue exclusively in the state and federal trial courts.  The issue before the
trial court, until the motion to consolidate, was solely whether venue properly
lay in Dallas County, Collin County, or Denton County.  Appellants did not
adopt their contrary position that arbitration was exclusively mandated until
Appellees moved to consolidate.  Their position appears to be that if the
motion to consolidate is granted, the consolidated lawsuit will involve the
asset acquisition agreement, which includes an arbitration clause.

The
trial court has not ruled on the motion to consolidate.  Consequently, the only
action before the trial court, and consequently now before this court, is the
challenge to the non-compete provision of the employment agreement.  The
employment agreement has no arbitration provision.  Rather, it mandates venue
in the state or federal courts of Dallas County.

Because
Appellants were the parties seeking to compel arbitration, they bore the burden
of establishing that the agreement that was the subject of the dispute was
governed by a valid arbitration agreement and of showing that the claims in
dispute fall within the scope of that agreement.  Not only did Appellants fail
to sustain this burden, they argued that venue in the original Denton County
challenge to the non-compete agreement was appropriate only in the trial courts
of Dallas County because Appellees’ cause of action was premised on the
employment agreement.  The suit with which Appellees seek to consolidate their
suit on the employment agreement is not before this court.  The two causes have
not been consolidated.  The only cause of action before this court is the suit
challenging portions of the employment agreement, which does not provide for
arbitration.

On
these bases, the trial court was justified in denying the motion to compel
arbitration of the employment and non-compete agreement.

Given
the specific facts of this case, and applying the appropriate standards of
review, we hold that, as Appellants originally argued to the trial court, the
original and amended pleadings deal with the employment and non-compete agreement,
which does not contain an arbitration provision but, rather, requires resolution
in a trial court, absent subsequent agreement to the contrary.  No portion of
the original or amended pleadings seeks to litigate the provisions of the asset
acquisition agreement, the only agreement containing an arbitration provision.
We have not been asked to resolve any venue dispute, and consequently do not
address venue in the employment and non-compete dispute.

As
to Appellees’ motion to consolidate, the lawsuit with which Appellees seek to
consolidate their Denton County suit is not before this court.  The motion to
consolidate has not been ruled on, and we have not been asked to determine
whether that suit is subject to the arbitration provision of the asset
acquisition agreement.  It is settled law that appellate courts should not
provide advisory opinions in anticipation of a possible ruling by the trial
court.

Conclusion

Having
overruled Appellants’ sole issue regarding whether arbitration is required at
this point, we affirm the trial court’s denial of their motion to compel arbitration.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MCCOY, JJ.

 

DELIVERED: 
November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]In a May 25, 2010 memorandum
opinion, this court denied as moot Appellants’ petition for writ of mandamus
and lifted its March 19, 2010 stay order.  See In re Richmont Holdings, Inc.,
No. 02-10-00085-CV, 2010 WL 2178927 (Tex. App.—Fort Worth May 25, 2010, orig.
proceeding).





[3]In re Labatt Food
Serv., L.P., 279 S.W.3d 640, 643 (Tex. 2009).





[4]AT & T Techs., Inc.
v. Commc’ns Workers of Am., 475 U.S. 643, 649, 106 S. Ct. 1415, 1418 (1986).





[5]In re Bank One, N.A.,
216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding); In re Kellogg Brown
& Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005).





[6]Perry Homes v. Cull,
258 S.W.3d 580, 587 (Tex. 2008), cert. denied, 129 S. Ct. 952 (2009).