In re CITIGROUP GLOBAL MARKETS, INC. (f/k/a Salomon Smith Barney, Inc.), Citigroup, Inc., and Stacy Oelsen, Relators.

No. 06–0886.

Supreme Court of Texas.

May 16, 2008.

Rehearing Denied Aug. 29, 2008.

Robert B. Gilbreath, Hawkins, Parnell & Thackston, LLP, Charles A. Gall, James W. Bowen, Hunton & Williams LLP, Dallas TX, for Relators.

Richard A. Sayles, William S. Snyder, Stacy Deanne Simon, Sayles & Werbner, P.C., Deborah G. Hankinson, Law Offices of Deborah Hankinson PC, Dallas TX, for Real Party in Interest.

PER CURIAM.

■ Parties that "conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial" waive any contractual right to arbitration. *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex.2006). The relator here did none of those, but instead spent seven months removing the case to various federal courts before finally filing an answer in state court with a contemporaneous motion to compel arbitration. The courts below held the relator's transfer efforts waived arbitration. 202 S.W.3d 477. We disagree, and thus conditionally grant mandamus relief. *See In re Weekley*, 180 S.W.3d 127, 130 (Tex.2005) ("Mandamus relief is proper to enforce arbitration agreements governed by the FAA.").

Robert and Natalie Nickell had investment accounts with Citigroup Global Markets, Inc. (formerly known as Salomon Smith Barney, Inc.), and signed agreements to arbitrate any disputes "concerning or arising from" their accounts. The Nickells allegedly lost more than $4 million after they invested in WorldCom Inc. based on research reports by a Citigroup analyst.

The Nickells sued Citigroup, which immediately removed the case to federal court on the ground that it related to WorldCom's bankruptcy proceedings. In federal court, the Nickells moved to remand and Citigroup moved to transfer the case to a federal multidistrict litigation ("MDL") court in New York managing similar WorldCom-related suits against Citigroup. Citigroup moved to stay proceedings in the federal court pending the MDL panel's decision, specifically reserving its defense "that Plaintiffs arbitrate, not litigate, their claims."

The MDL panel conditionally transferred the case to the MDL court. The Nickells asked the panel to vacate the order, which the panel denied before transferring the case. Once in the MDL court, a stay order excused Citigroup from filing an answer or pleading any defenses.

Undeterred by past failures, the Nickells filed another motion for remand in the MDL court. Undeterred by past successes, Citigroup gave up the jurisdictional battle and agreed to a remand of the case back to state court. In all, the parties spent about seven months shuttling between the federal forums managing WorldCom cases.

Back in state court, Citigroup simultaneously filed an original answer and a motion to compel arbitration. The trial court denied the motion, and the court of appeals denied mandamus relief on the ground that Citigroup expressly waived arbitration by statements reflecting an intent to litigate the dispute. 202 S.W.3d at 483–84. The parties agree the Federal Arbitration Act applies. *See* 9 U.S.C. § 1 *et seq.*

■ "[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment." *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90, 2008 WL 1922978, *4 (Tex. 2007). Waiver is a legal question for the court based on the totality of the circumstances, and asks whether a party has substantially invoked the judicial process to an opponent's detriment, the latter term meaning inherent unfairness caused by "a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Id.* at 597, *8.

■ The court of appeals held that Citigroup expressly waived arbitration—not by its conduct transferring the case to the federal and MDL courts, but by statements in those motions suggesting it was doing so for the purposes of litigation, not arbitration. 202 S.W.3d at 484 (holding that "removal related conduct alone does not constitute waiver," but placing reliance "primarily upon [Citigroup's] written explanations for the removal and transfer."). We need not decide whether the Nickells are correct that express waiver is governed by different rules than those that govern implied waiver, as we disagree that these statements rise to the level of an express waiver.

Citigroup never opposed arbitration, nor did it expressly waive its arbitration rights. To the contrary, it reserved the right to request arbitration early on and so informed the Nickells. Its statements in various transfer pleadings about the case's similarity to others already transferred, the potential savings in consolidated discovery, and the potential convenience of parties and witnesses in consolidated proceedings were required by statute to justify transfer to the MDL court. *See* 28 U.S.C. § 1407(a) (providing for MDL transfer of "civil actions involving one or more common questions of fact" if the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). Moreover, its statements about how much discovery could be avoided by transfer to the MDL court reflect an effort to *avoid* litigation activity rather than *duplicate* it. *See In re Serv. Corp. Int'l,* 85 S.W.3d 171, 175 (Tex.2002) ("Relators' efforts in moving to dismiss and staying discovery were to avoid litigation, not participate in it.").

■ Additionally, we disagree with the Nickells that transfer to an MDL court is necessarily inconsistent with seeking arbitration. Arbitration is possible for consolidated actions as well as individual ones. *See Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452–53, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003). Courts can issue inconsistent orders on arbitration just as they can on discovery or other matters that MDL courts are designed to coordinate. Thus, Citigroup's transfer to the MDL court does not indicate it had abandoned arbitration.

■ Because Citigroup never expressly waived or objected to arbitration, the question here is whether it *impliedly* waived arbitration. Citigroup's actions and statements in requesting transfer to the MDL court are certainly factors to be considered in the totality-of-the-circumstances test. *See Perry Homes,* 258 S.W.3d at 590–92. But they cannot be taken out of the context in which they were made or the remainder of Citigroup's litigation conduct.

There is no dispute that Citigroup's actual litigation conduct (as opposed to statements of its intentions) was limited to jurisdictional transfers, not the merits. The Nickells concede Citigroup never sent or responded to any written discovery, conducted no depositions, filed no motions (or even an answer) relating to the merits before seeking arbitration, and engaged in no litigation conduct whatsoever other than transferring the case to the federal and MDL courts. In these circumstances, Citigroup's statements about what discovery *might* be saved in the MDL court are simply not enough to show substantial invocation of the judicial process.

■ Finally, the Nickells argue their contracts bind them to arbitration with Citigroup's predecessors but not Citigroup. But each contract here specifically stated that its provisions "shall inure to the benefit of Smith Barney's present organization,

and any successor organization or assigns." Citigroup established (and the Nickells do not dispute) that it is a successor organization to Smith Barney, and thus fell heir to the Nickells' contracts and the arbitration clauses within them.

Because the Nickells failed to show Citigroup waived its contractual right to arbitration, we conditionally grant Citigroup's petition for writ of mandamus without hearing oral argument, *see* Tex.R.App. P. 52.8(c), and direct the trial court to compel arbitration. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.