

**NUMBER 13-08-372-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE C.F. JORDAN COMMERCIAL, L.P.**

---

**On Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Benavides
Per Curiam Memorandum Opinion[1]**

Relator, C. F. Jordan Commercial, L.P., filed a petition for writ of mandamus in the above cause arguing that the trial court abused its discretion in denying relator's motion to compel arbitration.[2] We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] C.F. Jordan Commercial, L.P. also brought an interlocutory appeal of this order under the Texas General Arbitration Act. *See C.F. Jordan Commercial, L.P. v. Donna I.S.D.*, No. 13-08-00302-CV, 2008 Tex. App. LEXIS ___ (Tex. App.–Corpus Christi June __, 2008, no pet. h.). This Court typically consolidates parallel proceedings in arbitration matters. See In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998) (explaining that when a court of appeals is confronted with an interlocutory appeal and a mandamus proceeding seeking to compel arbitration that the better course of action is to consolidate the two proceedings and render a decision that disposes of both simultaneously). However, we have chosen not to do so in the instant case because of the differing procedural postures of these matters.

Relator filed a motion to compel arbitration and for dismissal or abatement of the underlying suit pending arbitration on or about May 22, 2006. The trial court denied this motion on January 11, 2007. Relator filed its petition for writ of mandamus on June 10, 2008. Trial in this matter is scheduled for June 30, 2008. In the underlying proceeding, relator has filed cross claims and motions for leave to designate responsible third parties, entered an agreed order for court-ordered mediation, and propounded and responded to substantial discovery.

Waiver must be decided on a case-by-case basis and courts should look to the totality of the circumstances. *Perry Homes v. Cull*, 51 Tex. Sup. J. 819, 2008 Tex. LEXIS 423, *23 (Tex. May 2, 2008) (listing various factors for considering in considering the totality of circumstances). However, it is clear that parties who "conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial" waive any contractual right to arbitration. *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex. 2006) (orig. proceeding) (per curiam); *see In re Citigroup Global Mkts.*, Inc., 51 Tex. Sup. J. 909, 2008 Tex. LEXIS 451, *1 (Tex. May 16, 2008) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus and response thereto is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a). Relator's motion for emergency stay of the trial court proceedings, filed this day, is DISMISSED as moot.

PER CURIAM

Memorandum Opinion delivered and
filed this 20th day of June, 2008.

2