**Opinion issued July 9, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00699-CV

———————————

**PAUL JACOBS, P.C. AND PAUL STEVEN JACOBS, Appellants**

**V.**

**ENCORE BANK, N.A., Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-53957**

---

## MEMORANDUM OPINION

After the trial court granted two interlocutory summary judgments to Encore

Bank, N.A. ["Encore Bank"] relating to its suit on a note against Paul Jacobs, P.C.

and its guarantor, Paul Jacobs [collectively, "Jacobs"], Jacobs moved to compel

arbitration. In this appeal, we consider whether Jacobs waived its arbitration rights by substantially invoking the judicial process. We reverse and remand.

## BACKGROUND

Paul Jacobs, P.C. executed a promissory note for $600,000 to Encore Bank, and Paul Jacobs, individually, executed a commercial guaranty, guaranteeing payment of the note to Encore Bank. Alleging that Jacobs had failed to pay the amount owing on the note and guaranty, Encore Bank filed suit on September 9, 2011, asserting claims for breach of contract, unjust enrichment, and seeking a declaratory judgment.

On October 10, 2011, Jacobs filed an original answer, plea to the jurisdiction, and special exceptions. In several paragraphs, Jacobs alleged that Encore Bank had no standing to sue and that the trial court lacked jurisdiction. On November 22, 2011, Jacobs amended its answer to include a request for disclosure under Tex. R. Civ. P. 194. Again, Jacobs asserted that Encore Bank lacked standing to enforce the note.

On November 7, 2011, Encore Bank served Jacobs a copy of its motion for summary judgment and notice of oral hearing on the motion for December 9, 2011.

On December 2, 2011, Jacobs filed a response to Encore Bank's motion for summary judgment. Jacobs opposed Encore Bank's motion, alleging that "Plaintiff fails to plead or establish Plaintiff has standing to properly bring a breach

2

of contract action against Defendants in this suit." On that same date, Jacobs filed another plea to the jurisdiction and motion to dismiss based on Encore Bank's alleged lack of standing. Neither Jacobs's response to the motion for summary judgment, nor its plea to the jurisdiction, requested or moved to compel arbitration.

At the scheduled December 9, 2011 hearing on Encore Bank's motion for summary judgment, the trial court was made aware that, even though Encore Bank had served Jacobs with a copy of its motion for summary judgment on November 7, 2011, the motion was not actually filed until December 7, 2011. Therefore, the court reset the submission of Encore Bank's motion for summary judgment for December 12, 2011

On January 17, 2012, the trial court signed an interlocutory summary judgment for Encore Bank as to Jacobs, P.C.'s liability on the note and Jacobs' liability, individually, on the guaranty, and awarded the bank $330,000 for the unpaid principal balance on the note, plus accrued interest. The court did not rule on Encore Bank's claim for attorney's fees.

On February 16, 2012, Jacobs moved for a new trial, alleging that (1) Encore bank lacked standing, the trial court lacked jurisdiction, and that the trial court should have addressed its plea to the jurisdiction before ruling on Encore Bank's motion for summary judgment, and that (2) it received insufficient notice of the summary judgment hearing.

On March 22, 2012, Encore Bank filed a motion for summary judgment on the remaining attorney's fee issue, which was set for submission on April 16, 2012. Jacobs had the motion reset for April 27th, 2011, but it did not file a response to the Bank's motion.

On May 4, 2012—after the April 27th hearing, but before the trial court ruled on the Bank's second summary judgment motion— Jacobs, P.C. filed its second amended answer, asserting for the first time a motion to compel arbitration. Again, several paragraphs of the amended petition alleged that Encore Bank lacked standing and the trial court lacked jurisdiction.

On May 15, 2012, the trial court denied Jacobs's plea to the jurisdiction, motion to dismiss, and motion for new trial. On the same date, the trial court granted Encore Bank's second motion for summary judgment awarding it attorney's fees.

On May 23, 2012, Encore Bank responded to Jacobs, P.C.'s motion to compel arbitration, arguing that its conduct in the litigation had waived its right to compel arbitration. On the same date, Encore Bank filed a third motion for summary judgment seeking to dispose of Jacobs's counterclaims and third-party claims.

4

On July 12, 2012, Jacobs, individually, moved to compel arbitration in his third amended answer. The petition again alleged that Encore Bank lacked standing and the trial court lacked jurisdiction.

On July 13, 2012, the trial court denied the motions to compel arbitration. On the same date, the trial court granted summary judgment in Encore Bank's favor on Jacobs's counterclaims and third-party claims and dismissed Encore Bank's request for declaratory judgment, thereby making the case final and appealable.

Thereafter, Jacobs timely perfected this appeal.

### WAIVER OF RIGHT TO COMPEL ARBITRATION

In two related issues on appeal, Jacobs contends the trial court erred in denying its motion to compel arbitration, arguing that "Encore Bank failed to overcome the presumption against waiver."

*Applicable Law and Standard of Review*

"[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice." *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). Prejudice refers to the inherent unfairness caused by "a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Id.* at 597.

5

Whether a party has participated in the litigation process to the extent that it will be held to have waived the right to arbitrate is a question of law for the court. *See id.* at 587. There is a strong presumption against waiver of arbitration. *Id.* at 584. Any doubts regarding waiver are resolved in favor of arbitration. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 705 (Tex. 1998). In this context, for there to have been a waiver, appellant "must [have], at the very least, engage[d] in some overt act in court that evince[d] a desire to resolve the [same] arbitrable dispute through litigation rather than arbitration." *Haddock v. Quinn*, 287 S.W.3d 158, 177 (Tex. App.—Fort Worth 2009, pet. denied). Waiver is a question of law based on the totality of the circumstances. *In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625 (Tex. 2008).

In determining whether a party waived an arbitration clause, the courts can consider, among other factors: (1) whether the movant for arbitration was the plaintiff (who chose to file in court) or the defendant (who merely responded), (2) when the movant learned of the arbitration clause and how long the movant delayed before seeking arbitration, (3) the amount of pretrial activity related to the merits rather than arbitrability or jurisdiction, (4) the amount of discovery conducted, and (5) whether the movant sought judgment on the merits. *See Perry Homes,* 258 S.W.3d at 591–92; *In re Hawthorne Townhomes, L.P.,* 282 S.W.3d 131, 141 (Tex. App.—Dallas 2009, no pet.).

*Analysis*

In this case, Jacobs is the defendant and, thus, did not choose to file the litigation in the trial court. Therefore, this factor weighs against finding waiver.

Jacobs was, however, aware of the arbitration clause at least from the time suit was filed because the promissory note, which contained the arbitration clause, was attached as an exhibit to Encore Bank's petition. Jacobs, P.C. did not move to compel litigation until eight months after suit was filed and Jacobs, individually, two months after that. However, delay alone will not establish waiver, and the Texas Supreme Court has held that a delay of two years, without more, will not establish waiver. *See In re Vesta*, 192 S.W.3d 759, 763 (Tex. 2006). This factor is neutral at best because, even though Jacobs was aware of the arbitration clause early in the litigation, its delay in moving to compel arbitration was not overly long.

Encore Bank argues that the amount of pretrial activity related to the merits is the key factor in concluding that Jacobs waived arbitration. Specifically, Encore Bank contends that Jacobs "aggressive[ly] challenge[d] the Bank's suit through the judicial process" by (1) asserting counterclaims and third party claims, (2) responding to the Bank's first motion for summary judgment on the merits, and (3) filing a motion for new trial after the Bank's first motion for summary judgment was granted. The Bank argues that "Jacobs was determined to test the strength of

7

the Bank's case through the judicial proceedings first, instead of arbitration," and only moved to compel arbitration after it lost the first summary judgment on the merits and the Bank's second motion for summary judgment was filed.

Jacobs responds that its actions in the litigation were "purely defensive" and that its actions in the litigation did not substantially invoke the judicial process. On the record in this case, we agree with Jacobs. In each of the pleadings filed by Jacobs—its original answer, amended answers, pleas to the jurisdiction, response to summary judgment, and motion for new trial—Jacobs asserted that Encore Bank did not have standing to bring a suit on the note and the trial court thus lacked jurisdiction. And, its third party claims against other Encore Bank entities is consistent with Jacobs's position that Encore Bank was not the holder of the note and thus lacked standing to bring the suit. The Texas Supreme Court has held that seeking to have a case dismissed for want of jurisdiction based on a lack of standing does not substantially invoke the judicial process. *Vesta*, 192 S.W.3d at 764. When a party's litigation conduct seeks "to *avoid* litigation activity rather than duplicate it," that party has not substantially invoked the judicial process. *See In re Citigroup Global Mkts*, 258 S.W.3d at 626. Here, at each step of the judicial proceeding Jacobs urged that the case should be dismissed for lack of standing. As such, Jacobs was not seeking to duplicate litigation, but was seeking to avoid it. This factor weighs against a finding of waiver.

8

Here, neither party engaged in any discovery, other than filing written requests for disclosure. As Encore Bank points out, the "parties did not engage in protracted discovery because none was needed." Even accepting that argument as true, the lack of discovery in this case is either a neutral factor or one that weighs against a finding of waiver.

Finally, we note that Jacobs did not seek judgment on the merits in this case, Encore Bank did. Although Jacobs responded to Encore Bank's motion, as noted earlier, it did so by continuing to assert its position that Encore Bank had no standing because it was not the holder of the note. By arguing that Encore Bank had no standing, it did not oppose the summary judgment on the merits, but instead sought to prevail on a jurisdictional argument. *See Vesta*, 192 S.W.3d at 764 (seeking "dismissal for lack of standing rather than on the merits" did not substantially invoke judicial process). Thus, this factor weighs against a finding of waiver.

Considering the totality of the circumstances and the factors set forth in *Perry Homes*, 258 S.W.3d at 591–92, we conclude that Jacobs did not waive its right to compel arbitration by substantially invoking the judicial process. Our conclusion is supported by a review of the cases in which the Texas Supreme Court has considered the issue of waiver.

Specifically, in *Perry Homes*, the court noted that (1) filing suit, *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex. 2006); (2) moving to dismiss for lack of standing, *In re Vesta*, 192 S.W.3d at 764; (3) moving to set aside a default judgment and requesting a new trial, *In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007); (4) opposing a trial setting and seeking to move the litigation to federal court, *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174–75 (Tex. 2002); (5) moving to strike an intervention and opposing discovery, *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex. 1995); (6) sending 18 interrogatories and 19 requests for production, *Bruce Terminix Co.*, 988 S.W.2d at 704; (7) requesting an initial round of discovery, noticing but not taking a single deposition, and agreeing to a trial resetting, *EZ Pawn Corp., v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996); (8) seeking initial discovery, taking four depositions, and moving for dismissal based on standing, *Vesta*, 192 S.W.3d at 763, do not waive the right to compel arbitration. *Perry Homes*, 258 S.W.3d at 590.

In contrast, the Texas Supreme Court has found wavier of arbitration in only one case. *Perry Homes*, 258 S.W.3d at 592. In that case, the plaintiffs filed suit in the trial court, "vigorously opposed" the defendants' motion to compel arbitration, conducted nearly complete discovery, and the case was set for trial. *See Perry Homes*, 258 S.W.3d at 585. Then, after 14 months of litigation, the plaintiffs changed their mind about pursuing litigation in the trial court and moved to compel

10

arbitration. The trial court granted the motion four days before the case was set for trial. *Id.* The Texas Supreme Court held that the plaintiff had waived their right to arbitrate, set aside the arbitration award, and remanded the case for trial. *Id*. at 601.

This case is not like *Perry Homes* because Jacobs never filed suit, opposed arbitration, conducted any discovery, or waited until the eve of trial to file its motion to compel. Additionally, Jacobs never sought judgment on the merits, and opposed Encore Bank's motion for summary judgment by challenging its standing to bring the suit. In fact, in every pleading filed by Jacobs, it argued that Encore Bank did not have standing. As such, this case is more like *In re Vesta* than it is like *Perry Holmes*. In *Vesta*, the litigation proceeded for two years, during which Vesta sought initial discovery, took four depositions, and moved to dismiss the case for lack of standing before it moved to compel arbitration. 192 S.W.3d at 763–64. Despite more pretrial activity by Vesta than is present by Jacobs in this case, the Texas Supreme Court concluded that Vesta had not waived its right to compel arbitration. *Id.* at 764. Similarly, we conclude that Jacobs has not waived its right to compel arbitration.

We sustain Jacobs' first two issues on appeal. Because Jacobs did not substantially invoke the judicial process, the trial court erred in finding that Jacobs had waived its right to compel arbitration. We need not determine whether Encore

11

Bank suffered prejudice.  Similarly, we need not address Jacobs' issue regarding whether it had adequate notice of the summary judgment hearing.

## CONCLUSION

We reverse the judgment of the trial court and remand with instructions for the trial court to enter an order compelling arbitration.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.