

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-13-00393-CV

———————————————

JOURNEYMAN CONSTRUCTION, INC. AND
SAFECO INSURANCE COMPANY OF AMERICA, APPELLANTS

V.

SCOTTCO MECHANICAL CONTRACTORS, INC., PALMER PAINTING COMPANY,
INC., AND BCL CONSTRUCTION AND ROOFING, L.L.C., APPELLEES

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 100499-B; Honorable John B. Board, Presiding

September 26, 2014

## MEMORANDUM OPINION

Before QUINN, C.J. and HANCOCK and PIRTLE, JJ.

In this interlocutory appeal, Appellants, Journeyman Construction, Inc. and

Safeco Insurance Company of America (Journeyman), appeal the trial court's denial of

their *Motion to Abate and Compel Arbitration*.[1] We reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

Journeyman served as a general contractor during the restoration of the historic Potter County Courthouse (the "project") and Safeco issued a performance and payment bond for the project. Each of the Appellees, Scottco Mechanical Contractors, Inc., Palmer Painting Company, Inc. and BCL Construction and Roofing, L.L.C. (Scottco), entered into Subcontract Agreements with Journeyman to provide certain goods and/or services in connection with the project. No one disputes that the relevant provisions of the Subcontracts are identical.

In January 2013, Scottco filed suit against Journeyman to recover $201,319.94 allegedly due and owing under its Subcontract.[2] In February, Journeyman answered Scottco's petition and also filed a *Motion to Abate and to Compel Arbitration*. Following a hearing, the district court denied Journeyman's *Motion* in October 2013.[3] This appeal followed.

---

[1] The Texas Arbitration Act ("TAA") provides for interlocutory appeal of an order denying a motion to compel arbitration under the TAA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West 2011). The record contains no evidence implicating the Federal Arbitration Act.

[2] Palmer Painting Company, Inc. and BCL Construction and Roofing, L.L.C. subsequently intervened alleging they were also owed money under their Subcontracts with Journeyman for materials or services delivered in connection with the project.

[3] The Honorable Richard Dambold, retired, was sitting by assignment in the 181st District Court of Potter County, Texas. *See* TEX. GOV'T. CODE ANN. § 75.002(a)(3) (West 2013).

## DISCUSSION

In a single issue, Journeyman contends the district court erred in denying its *Motion to Abate and Compel Arbitration.* Specifically, Journeyman contends that the Subcontracts unequivocally require all disputes arising out of or related to the Subcontracts be submitted to arbitration. To the contrary, Scottco asserts the arbitration provisions are unenforceable because (1) Journeyman failed to timely demand arbitration under the Subcontracts, (2) Journeyman failed to timely request mediation, (3) the Subcontracts do not require arbitration as a sole means of dispute resolution, and (4) Journeyman waived its option to seek arbitration by participating in Scottco's suit while it was pending in district court. We disagree with Scottco.

### STANDARD OF REVIEW

Because the parties do not dispute the validity of the arbitration provisions of the Subcontracts, we move directly to the issue underlying this appeal, i.e., whether the Subcontracts require that Scottco's contract dispute be mediated and/or arbitrated.

Arbitration agreements are interpreted under traditional contract principles. *Davidson v. Webster,* 128 S.W.3d 223, 228 (Tex. 2003). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed. *Id.* at 229. To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Id.* Although the language of the agreement must clearly indicate the intent to arbitrate, *Aldridge v. Thrift Fin. Mktg., LLC,* 376 S.W.3d 877, 883 (Tex. App.—Fort Worth 2012, no pet.), courts must resolve any

3

doubts about an arbitration agreement's scope in favor of arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding). Further, if the arbitration agreement encompasses the claim being asserted and the party opposing arbitration fails to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings. *Id.* at 754.

THE SUBCONTRACTS

Paragraph 28 of the Subcontracts under "Additional Provisions of Subcontract" provides as follows:

> If at any time any controversy shall arise between the Contractor and the Subcontractor with respect to any matter or thing involved in the subcontract, and which the parties hereto do not promptly adjust and determine or which the Owner or his authorized representative cannot decide to the satisfaction of both parties hereto, then the written order of the Contractor shall be followed and, upon completion of the work and before the final settlement and payment is made, said *controversy shall, be decided by mediation and/or arbitration.*

(Emphasis added.)

The Subcontract also provides that "[a]ny written Claim arising out of or related to the Contract, and denied by the Contractor *shall be subject to mediation as a condition precedent to arbitration* or the institution of legal or equitable proceedings by either party," paragraph 4.3.1 <u>MEDIATION</u> (emphasis added), and *"[d]isputes not resolved by mediation shall be decided by arbitration."* Paragraph 4.4.1 <u>ARBITRATION</u> (emphasis added).

4

Under the Subcontract, Scottco's petition seeking the payment of additional monies under the Subcontract plainly represents a "controversy" and "written Claim."[4] As such, the plain language of the Subcontract requires that Scottco mediate and then arbitrate its claim before any legal or equitable proceeding moves forward. *See* paragraph 4.3.2 MEDIATION ("[M]ediation shall proceed in advance of arbitration or legal or equitable proceedings, which may be stayed pending mediation . . ."); paragraph 4.4.1 ARBITRATION ("Disputes not resolved by mediation shall be decided by arbitration . . ."). Accordingly, per the plain terms of the parties' agreement, Journeyman's Motion should have been granted by the district court, i.e., Scottco's suit should be stayed pending mediation and arbitration of its claim.

Scottco asserts Journeyman failed to timely demand arbitration or mediation under the Subcontract. The Subcontract does not require, and it would make no sense, for Journeyman to be contractually responsible to champion Scottco's claim. Further, contrary to Scottco's assertion that mediation and arbitration are not the sole means to resolve a dispute under the Subcontracts, paragraph 28, "Additional Provisions of Subcontract" as well as paragraphs 4.3.2 MEDIATION and paragraph 4.4.1 ARBITRATION plainly require Scottco to submit its claim to mediation and arbitration *before* pursuing any legal or equitable remedies it may have afterwards.

Scottco also asserts Journeyman waived its contractual right to mediation and/or arbitration because Scottco's suit was pending for nearly a year before Journeyman

---

[4] Neither term is defined by the contract and, in lieu thereof, we will use the plain, ordinary and generally accepted meaning attributed to the terms. *Newman v. Pilgrim's Pride Corp.*, 122 S.W.3d 825, 833 (Tex. App.—Dallas 2003, pet. denied). That is, a "controversy" is "the act of disputing or contending," *Webster's Third New Int'l Dictionary* 497 (4th Ed. 1976), and a "claim" is "an authoritative or challenging request, demand." *Id.* at 497.

filed its *Motion to Abate and Compel Arbitration* and seven months passed before the district court conducted a hearing on Journeyman's *Motion.* "[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment." *In re Citigroup Global Markets, Inc.,* 258 S.W.3d 623, 625 (Tex. 2008) (*per curiam).*

After being served, Journeyman timely filed its answer and, *at the same time*, filed its *Motion.* Journeyman can hardly be held responsible for the passage of time in Scottco's suit before it became a party. In addition, other than citing the mere passage of time between the filing of Journeyman's *Motion* and the district court's hearing, Scottco points to no evidence of record indicating it was prejudiced by the passage of seven months or that Scottco performed any act, or failed to perform any act, in reliance on Journeyman's actions or lack thereof. Accordingly, Scottco has failed to come forward with any evidence establishing Journeyman substantially invoked the judicial process to Scottco's detriment. *See In re Citigroup Global Markets, Inc.,* 258 S.W.3d at 626-27. Journeyman's sole issue is sustained.

## CONCLUSION

The trial court's order is reversed and this cause is remanded for further proceedings consistent with this opinion.


Patrick A. Pirtle
Justice


6