ACCEPTED
01-15-01006-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/22/2015 2:11:07 PM
CHRISTOPHER PRINE
CLERK

# NO.  01-15-01006-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/22/2015 2:11:07 PM
CHRISTOPHER A. PRINE
Clerk

PROFESSIONAL ADVANTAGE SOFTWARE SOLUTIONS, INC.,

*Appellant,*

v.

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/22/2015 2:11:07 PM
CHRISTOPHER A. PRINE
Clerk

WEST GULF MARITIME ASSOCIATION INC.

*Appellee.*

Appealed From the 151st Judicial District Court
Harris County, Texas
Trial Court Cause No. 2012-58827,
the Honorable Mike Engelhart, Presiding.

## APPELLANT PROFESSIONAL ADVANTAGE SOFTWARE SOLUTIONS, INC.'S MOTION FOR EN BANC REHEARING

TO THE HONORABLE FIRST COURT OF APPEALS:

Pursuant to Rule 49.7 of the Texas Rules of Appellate Procedure, Appellant

Professional Advantage Software Solutions, Inc. ("PA") files this Motion for En Banc

Rehearing of the denial of its Emergency Motion for Temporary Relief requesting that

the Court stay all proceedings in the trial court.

## THE NEED FOR TEMPORARY RELIEF

Based on the valid arbitration provision of the Software License Agreement between PA and Appellee West Gulf Maritime Association, Inc., PA filed its Motion to Compel Arbitration and Stay Proceedings on October 19, 2015. The trial court denied the motion on November 18, 2015. The trial court also denied PA's Motion to Stay the Proceedings on November 24, 2015.

PA then promptly filed its Notice of Appeal on November 25, 2015, appealing the trial court's interlocutory Order Denying PA's Motion to Compel Arbitration and Stay Proceedings. PA filed its Emergency Motion for Temporary Relief on Thursday December 10, 2015, and Appellee responded to the emergency motion on Friday December 11, 2015. Without the benefit of a reply, this Court denied PA's emergency motion on Tuesday December 15, 2015.

**Because trial is currently set for January 18, 2016, PA re-urges that it will be prejudiced by having to proceed with pre-trial motions1 and trial while its interlocutory appeal is pending in this Court. PA has a statutory right to an interlocutory appeal of the denial of its Motion to Compel Arbitration and Stay Proceeding. The parties have not even briefed this matter yet, and allowing the case to proceed to trial without allowing the parties to be sufficiently heard**

---

[1] The trial court recently issued a pre-trial order on December 10, 2015, in which the parties must file its pre-trial filings prior to January 7, 2016. (*See* Tab A to the Appendix.)

2

**prejudices both parties should this Court find PA has not waived its right to arbitrate. A short stay of the trial setting in this matter will give this Court the opportunity to consider and rule on the merits of this interlocutory appeal.**

## ARGUMENT

This Court has held that there is a "strong presumption against finding that a party has waived its right to arbitration; the burden to prove waiver is thus a heavy one." *Enter. Field Servs., LLC v. TOC-Rocky Mountain, Inc.*, 405 S.W.3d 767, 774 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *In re Bank One, N.A.,* 216 S.W.3d 825, 827 (Tex. 2007)). "Any doubts regarding waiver are resolved in favor of arbitration." *Id.* (citing *In re Bruce Terminix Co.,* 988 S.W.2d 702, 705 (Tex. 1998)). The waiver can be express or implied, but the waiver must be intentional. *Id.*

The issue pending before this Court is whether the entire case is subject to arbitration. The question is not whether Appellee had to do some things it may not have had to do otherwise if PA had moved for arbitration earlier; the question is whether the case should be referred to arbitration.

### A.     Standard of Review.

The Court reviews a trial court's denial of a motion to compel arbitration under an abuse-of-discretion standard. *See Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding)). A trial

court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). However, the Court reviews <u>de novo</u> whether a party has waived its right to arbitration. *See Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008).

## B. Appellant Has Not Expressly Waived Its Right to Arbitration.

Appellee West Gulf Maritime Association, Inc.'s sole response to arbitration has been and continues to be waiver.[2] A waiver of arbitration must be done intentionally and affirmatively and must be clearly supported by the record. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). This record does not reflect an intentional waiver. PA's trial counsel discussed the delay in seeking arbitration with the trial court at the hearing on PA's Motion to Compel Arbitration:

> Sure, could we have raised this issue before now? Yes. And I can't explain to you why it was never raised. I can tell you that the client was not aware until 60 days ago that they even had this right, which is why I'm the one standing here before you and not my predecessor.

(1 RR 7.) When this statement is considered in relation to how quickly PA's current trial counsel moved to assert the right to arbitrate, it is clear PA did not expressly

---

[2] PA incorporates by reference its Factual Background and arguments relating to why the case is subject to arbitration from its Emergency Motion for Temporary Relief. Based on Appellee's arguments to the trial court, it does not appear to dispute that there is a broad provision in the pertinent agreement between it and PA.

intend to waive the right to arbitrate nor, as counsel for Appellee indicates, was it a tactical decision to sit on the arbitration provision until the eve of trial. Indeed, from the record, it is clear that counsel moved for arbitration when he realized that Appellee's claims invoked the arbitration clause in the Agreement. (6 CR 1708–36.) On this basis this Court cannot find express waiver of the right to arbitrate. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 511 (holding that party who agreed to a new trial date and sought a continuance did not expressly waive its arbitration rights).

### C. Appellant Has Not Impliedly Waived Its Right to Arbitration.

Appellee argues that Appellant PA waived its right to arbitrate. It points this Court to the Texas Supreme Court's decisions in *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759 (Tex. 2006) and *Perry Homes,* 258 S.W.3d 580 for its proposition that PA waived its right to arbitration. Notably, the Texas Supreme Court did not find waiver in *In re Vesta Ins. Group, Inc.* In *In re Vesta Ins. Group, Inc.,* the Texas Supreme Court held that the relators, who litigated in the trial court for two years, did not substantially invoke the judicial process to their opponent's detriment because the relators engaged in minimal discovery, and the real party in interest failed to demonstrate sufficient prejudice to overcome the strong presumption against waiver. 192 S.W.3d at 763. "Merely taking part in litigation is not enough unless a party 'has substantially invoked the judicial process to its opponent's detriment.'" *In re Vesta Ins.*

5

*Group, Inc.,* 192 S.W.3d 759, 762 (Tex. 2006) (quoting *In re Serv. Corp. Int'l,* 85 S.W.3d 171, 174 (Tex. 2002).

Additionally, in *Perry Homes*, it was the plaintiffs, who after they initiated the lawsuit, changed their minds and moved for arbitration. 258 S.W.3d at 586. The plaintiffs had originally opposed arbitration, and only after getting the benefit of extensive discovery, did they decide they wanted to arbitrate the case. *Id. Perry Homes* is the only Texas Supreme Court case in which the court found waiver.[3] Thus, both cases cited by Appellee are distinguishable.

---

[3]  *See generally, Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014) (deciding that the circumstances did "not approach a substantial invocation of the judicial process") (per curium); *Kennedy Hodges, L.L.P. v. Gobellan,* 433 S.W.3d 542, 544–45 (Tex. 2014) (per curiam) (concluding law firm did not waive right to arbitrate a fee dispute with former clients by litigating with a former associate); *In re Fleetwood Homes of Tex., L.P.,* 257 S.W.3d 692, 694 (Tex. 2008) (per curiam) (noting defendant did not waive by "failing to pursue its arbitration demand for eight months while discussing a trial setting and allowing limited discovery"); *In re Citigroup Global Mkts., Inc.,* 258 S.W.3d 623, 625–26 (Tex. 2008) (per curiam) (holding defendant did not waive arbitration by removing case to federal court and acceding to remand seven months later before demanding arbitration); *In re Bank One, N.A.,* 216 S.W.3d 825, 827 (Tex. 2007) (per curiam) (concluding defendant did not waive arbitration by moving to set aside a default judgment, requesting a new trial, and waiting eight months to move to compel arbitration); *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 783 (Tex. 2006) (stating contractors did not waive arbitration by suing to preserve evidence and cross-claiming for indemnity in a separate suit, absent a showing that their actions detrimentally affected the defendant); *In re Vesta Ins. Group, Inc.,* 192 S.W.3d 759, 763 (Tex. 2006) (per curiam) (holding defendants did not waive arbitration by litigating for two years, especially when the plaintiff initiated more discovery requests than he received); *In re Serv. Corp. Int'l,* 85 S.W.3d 171, 174–75 (Tex. 2002) (per curiam) (concluding defendants did not waive arbitration by supporting plaintiffs' inclusion in a federal class action whose members were not subject to arbitration, and moving, *inter alia,* to dismiss in that action).

6

### 1. PA did not substantially invoke the judicial process.

"Waiver is a question of law based on the totality of the circumstances." *Paul Jacobs, P.C. v. Encore Bank, N.A.*, 01-12-00699-CV, 2013 WL 3467197, at \*2 (Tex. App.—Houston [1st Dist.] July 9, 2013, no pet.). To decide whether a party substantially invoked the judicial process, courts look to factors such as "whether the movant for arbitration was the plaintiff (who chose to file in court) or the defendant (who merely responded)," when the movant knew of the arbitration clause and "how long the movant delayed before seeking arbitration," how much discovery has been conducted, who initiated it, whether that discovery related to the merits rather than arbitrability or standing, how much of the discovery would be useful in arbitration, and whether the movant sought judgment on the merits. *Id.* at \*3; *see Perry Homes,* 258 S.W.3d at 591–92.

Reviewing Appellee's timeline in its response to PA's motion to compel arbitration is helpful in assessing the above factors. (6 CR 1742–45.) Appellee continues to beat the drum that it filed suit "over three years ago" as a reason for why PA has waived arbitration. However, Appellee, not PA, chose to litigate this case, and it filed suit in October 2012. (1 CR 12–31.) Also the record shows that PA was not aware of the arbitration provision until recently, after it hired different trial counsel. (*See* 1 RR 7; 6 CR 1692–93, 1707). When PA learned of the provision, it quickly

moved to compel arbitration and file this appeal after the trial court denied its motion to compel. Thus, the first two factors weigh in PA's favor.

PA promptly answered the lawsuit in November 2012. (1 CR 32–36.) But filing an answer and defending itself against Appellee's claims is not enough to establish waiver. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89–90 (Tex. 1996) (holding that party did not waive arbitration right by answering suit, participating in docket control conference, propounding requests for production and interrogatories, noticing plaintiffs deposition, and entering into an agreed order to reset the original trial date). Although PA filed a counterclaim in November 2014 (4 CR 1180–88), its counterclaim does not constitute a waiver of arbitration. *G.T. Leach*, 2015 WL 1288373, at *4 (explaining cross-actions, including counterclaims, do not waive right to arbitration, especially considering that some counterclaims are compulsory; counterclaiming defendant "merely took the action necessary to preserve that claim once [plaintiff] initiated a lawsuit arising out of the same subject matter").

It was not until May 2014 (nineteen months after Appellee initiated the lawsuit and prior to the discovery deadline of August 2014) that PA propounded written discovery on the Appellee.[4] (6 CR 1743, 1760–67.) PA also engaged in other types of discovery, such as issuing three document subpoenas, responding to the discovery

---

[4]    Indeed, the record reflects that hardly anything was done to move this case forward between October 2012 and early 2014.

Appellee propounded on it, and taking the deposition of <u>one</u> witness, Appellee's president. (6 CR 1743–44, 1759, 1768–78.) Undoubtedly PA engaged in discovery. However, even participating in "considerable" discovery, does not constitute a waiver of arbitration rights. *Baty v. Bowen, Miclette & Britt, Inc.*, No. 14-11-00663-CV, 2013 WL 2253584, at *9 (Tex. App.—Houston [14th Dist.] May 23, 2013, pet. denied) (explaining that "though the [moving] Parties conducted considerable discovery, they had not conducted 'full discovery' when they moved to compel arbitration").

Notably, Appellee did not bring forward evidence that this discovery could not be used in an arbitration. As PA noted in its reply in support of its motion to compel arbitration, the AAA Rule permit the parties to agree on the scope of discovery, which likely would encompass the discovery the parties have already conducted. (6 CR 1855–56.)

Although PA designated experts and responsible third parties (1 CR 173–76), these "actions were also defensive in nature and necessary to preserve" PA's rights. *See, e.g.*, *G.T. Leach Builders, LLC*, 458 S.W.3d at 514 ("If G.T. Leach had failed to timely designate experts, it would have forfeited the right to present expert witnesses if the suits went to trial. Likewise, G.T. Leach had to designate responsible third parties by the deadline imposed in the scheduling order. G.T. Leach did not create the need to timely designate experts and responsible third parties by agreeing to a scheduling order: the rules of civil procedure impose a default deadline for expert designations

9

when the court has not set one, and the Civil Practice and Remedies Code imposes a deadline for designating responsible third parties.").

Finally, PA has moved for summary judgment in this case. (2 CR 307–88, 4 CR 1089–1130, 5 CR 1377–1526.) However, this was an attempt to avoid continued litigation, not invoke or duplicate it. When a party's litigation conduct seeks "to avoid litigation activity rather than *duplicate* it," that party has not substantially invoked the judicial process. *In re Citigroup Global Markets, Inc.*, 258 S.W.3d 623, 626 (Tex. 2008).

### 2. Appellee cannot demonstrate prejudice.

"[E]ven substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result." *Perry Homes*, 258 S.W.3d at 594. Prejudice refers to the inherent unfairness caused by "a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Id.* at 597. Prejudice "result[s] when a party seeking arbitration first sought to use the judicial process to gain access to information that would not have been available in arbitration." *G.T. Leach*, 2015 WL 1288373, at *6.

Appellee claims that it has been prejudiced for three reasons: (1) PA has somehow purposefully and unjustifiably manipulated the exercise of its arbitral rights to gain an unfair advantage over Appellee; (2) Appellee has spent time and expense in litigating this case; and (3) Appellee has been forced to marshal its evidence by

responding to motions for summary judgment. First, as discussed above, PA did not purposefully delay moving for arbitration in order to gain an unfair advantage over Appellee. PA moved to compel arbitration as soon as it knew the right existed.

Second, Appellee's claim of prejudice rests upon the cost of $6,046.01 to produce documents and $573.32 to take the deposition of its president.[5] (6 CR 1749.) But it does not identify any work that it did or cost that it incurred in anticipation of trial that it would not have done or incurred in anticipation of an arbitration hearing. *See, e.g.*, *Ground Force Const., LLC v. Coastline Homes, LLC*, 14-13-00649-CV, 2014 WL 2158160, at *7 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet.) ("Coastline did not produce evidence of its attorney's fees or other expenses, much less explain what portion of these expenses were attributable to Ground Force's actions or were for matters that could not be used in arbitration.") (citing *Associated Glass, Ltd. v. Eye Ten Oaks Invs., Ltd.*, 147 S.W.3d 507, 514 (Tex. App.—San Antonio 2004, no pet.) (appeal and orig. proceeding) (finding prejudice was not shown where party urging waiver of arbitration did not submit evidence of increased expense); *see Tex. Residential Mortg., L.P. v. Portman*, 152 S.W.3d 861, 864 (Tex. App.—Dallas 2005, no pet.).

---

[5] Appellee lumped other depositions costs into its estimate of $3,331.47 noted in its response to PA's emergency motion. However, as indicated in its response to PA's motion to compel arbitration, Appellee sought to take the other depositions. (6 CR 1756–59.) So there is only one deposition that can be attributed to PA. (6 CR 1759.)

11

Finally, Appellee is not prejudiced by having to respond to the summary judgment motions. Appellee successfully defended its summary judgments likely using the same evidence it would during an arbitration. None of these filings were done in vain. The only possible prejudice is making Appellee bring forward these arguments sooner rather than later. Moreover, as PA noted in its reply in support of its motion to compel arbitration, the AAA Rule permit the parties to file summary judgment motions. (6 CR 1855–56.)

There is no prejudice to either party in determining the arbitration now. Both parties, however, will be prejudiced if the case goes to trial in January while the case is up on appeal, and this Court concludes that this case is ripe for arbitration.

**D.** **Temporary Relief Is Necessary to Preserve Appellant's Rights on Appeal.**

Trial is set in this case for January 18, 2016. PA anticipates that this appeal will still be pending in January 2016. A stay of all proceedings preserves the status quo and protects both the jurisdiction of this Court to rule on the interlocutory appeal and PA's ability to benefit from its contractual right to arbitrate. An appellate court "may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." *See* TEX. R. APP. P. 29.3; *Oryx Capital Int'l, Inc. v. Sage Apartments, L.L.C.,* 167 S.W.3d 432, 438 (Tex. App.—San Antonio 2005, no pet.) ("When this Court stayed all proceedings in the trial court, the parties and the trial court were ordered to

take no further action on the case until they received further orders from this court or we resolved the [interlocutory] appeal."); *see also EnerVest Operating, L.L.C. v. Molett*, No. 03-11-00823-CV, 2012 WL 1647991, *1 (Tex. App.—Austin, May 1, 2012, no pet.) (order) (per curiam) (discussing that the "appellant filed an interlocutory appeal from the district court's order denying its motion to compel arbitration [and u]pon the appellant's request, the court of appeals stayed the commencement of trial pursuant to Rule 29.3 pending its disposition of the interlocutory appeal."). A stay of all proceedings is necessary in this case to protect the PA's interests and this Court's jurisdiction.

## CONCLUSION AND PRAYER

For all the reasons set forth herein, Appellant respectfully requests that this Court grant its Motion for En Banc Rehearing and stay all trial proceedings until conclusion of this interlocutory appeal. Appellant requests all other appropriate relief to which it may be entitled.

Respectfully submitted,

/s/ *Thomas C. Wright*
Thomas C. Wright
State Bar No. 22059400
Natasha N. Taylor
State Bar No. 24071117
**WRIGHT & CLOSE, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321

13

(713) 572-4320 (fax)
wright@wrightclose.com
taylor@wrightclose.com

*/s/ Jamey L. Voge (w/permission)*

Jamey L. Voge
State Bar No. 24033424
Brian Cooper
State Bar No. 24012451
**STUBER COOPER VOGE PLLC**
2600 Network Blvd., Suite 305
Frisco, Texas  75034
(214) 472-2770
(214) 472-2790 (fax)
jvoge@scvlaw.net
bcooper@scvlaw.net

**ATTORNEYS FOR APPELLANT
PROFESSIONAL ADVANTAGE
SOFTWARE SOLUTIONS, INC.**

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion is in compliance with Texas Rule of Appellate Procedure 9.4 because it contains 3,184 words and has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14-point Times New Roman font for text and 12-point Times New Roman font for footnotes, which meets the typeface requirements.

*/s/ Natasha N. Taylor*
Natasha N. Taylor


## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2015, a true and correct copy of this Motion was forwarded to the following counsel by electronic service.

Timothy McCloskey
Blake Rizzo
CARRIGAN, MCCLOSKEY & ROBERSON LLP
945 Heights Blvd
Houston, Texas 77008
*tmccloskey@cmrllp.com*
*brizzo@cmrllp.com*

*/s/ Natasha N. Taylor*
Natasha N. Taylor

## **APPENDIX**

Tab A: December 10, 2015 Trial Preparation Order

# TAB A

Cause No. 201258827

|  |  |
|---|---|
| | * IN THE DISTRICT COURT OF |
| WEST GULF MARITIME ASSOCIATION | * |
| vs. | * HARRIS COUNTY, TEXAS |
| | * |
| BUSINESS MICROVAR INC (D/B/A I | * 151st JUDICIAL DISTRICT |

## TRIAL PREPARATION ORDER

[X] **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

[X] **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be **FILED/EXCHANGED** by **01-07-2016.**

[X] **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

\* \* \* \* \* \*

[X] **Party/Attorney List.** Names, addresses, and phone numbers of each pro se party and attorney.

[X] **Trial Witnesses List.** The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

[X] **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

[X] **Exhibits.** An exhibit list is required. All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance). Objections to authenticity must be made pursuant to Rule 193.7.

[X] **Deposition Excerpts or Edited Videotapes.** Designate page and line in sequence to be used at trial.

[X] **Motions in Limine.**

[X] **Trial Scheduling.** Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

[X] **Other.**
ALL PRE-TRIAL DOCUMENTS MUST BE COMPLETED AND MUST BE FILED
AND EXCHANGED BEFORE DOCKET CALL. MOTIONS FOR CONTINUANCES
MUST BE FILED BEFORE DOCKET CALL. DOCKET CALL IS CONDUCTED
OVER THE TELEPHONE ON 1/8/16 BETWEEN 9AM AND 1PM.

Signed

Certified Document Number: 68220256 - Page 1 of 2

TIMOTHY M. MCCLOSKEY
945 Heights Blvd
Houston TX 77008-6911

3

MIKE ENGELHART
Judge, 151ST DISTRICT COURT
DATE GENERATED: 12/10/2015

JCV001
rev.032802

13417650

Cause No. 201258827

|  |  |  |
|---|---|---|
| WEST GULF MARITIME ASSOCIATION | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| BUSINESS MICROVAR INC (D/B/A I | * | 151st    JUDICIAL DISTRICT |

## TRIAL PREPARATION ORDER

[X]   **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

[X]   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be        **FILED/EXCHANGED**        by  **01-07-2016.**

[X]   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

\*   \*   \*   \*   \*   \*

[X]   **Party/Attorney List.**  Names, addresses, and phone numbers of each pro se party and attorney.

[X]   **Trial Witnesses List.**  The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

[X]   **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

[X]   **Exhibits.** An exhibit list is required.   All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

[X]   **Deposition Excerpts or Edited Videotapes.**   Designate page and line in sequence to be used at trial.

[X]   **Motions in Limine.**

[X]   **Trial Scheduling.**  Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

[X]  **Other.**
ALL PRE-TRIAL DOCUMENTS MUST BE COMPLETED AND MUST BE FILED
AND EXCHANGED BEFORE DOCKET CALL. MOTIONS FOR CONTINUANCES
MUST BE FILED BEFORE DOCKET CALL. DOCKET CALL IS CONDUCTED
OVER THE TELEPHONE ON 1/8/16 BETWEEN 9AM AND 1PM.

Signed

JAMEY LEE VOGE
2600 Network Blvd Ste 305
Frisco TX 75034-6010

MIKE ENGELHART
Judge, 151ST DISTRICT COURT
DATE GENERATED: 12/10/2015

12

24033424

JCV001
rev.032802

Certified Document Number: 68220256 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 22, 2015

Certified Document Number:        68220256 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**